IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION

FILED

March 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,            )
                              )
            APPELLEE,          )
                              )        No. 02-C-01-9612-CR-00445
                              )
                              )        Shelby County
v.                            )
                              )        John P. Colton, Jr., Judge
                              )
                              )        (Sentencing)
VANCE S. RUFFIN,              )
                              )
            APPELLANT.         )


FOR THE APPELLANT:                    FOR THE APPELLEE:

William D. Massey                     John Knox Walkup
Attorney at Law                       Attorney General & Reporter
3074 East Street                      425 Fifth Avenue, North
Memphis, TN 38128                     Nashville, TN 37243-0497

                                      Deborah A. Tullis
                                      Assistant Attorney General
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      William L. Gibbons
                                      District Attorney General
                                      201 Poplar Avenue, Suite 3-01
                                      Memphis, TN 38103

                                      Dawn Doran
                                      Assistant District Attorney General
                                      201 Poplar Avenue, Suite 3-01
                                      Memphis, TN 38103


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Vance S. Ruffin (defendant), was convicted of facilitating the felony of vehicular homicide, a Class D felony, and facilitating the felony of vehicular assault, a Class E felony, following his plea of guilty to each offense. The trial court sentenced the defendant pursuant to a plea agreement. The defendant was sentenced as a Range I standard offender. The sentences imposed were: (a) a fine of $500 and confinement for two (2) years in the Shelby County Correctional Center for facilitating vehicular homicide, and (b) confinement for one (1) year in the Shelby County Correctional Center for facilitating vehicular assault. The sentences are to be served concurrently. One issue is presented for review. The defendant contends the trial court abused its discretion by refusing to impose an alternative sentence. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed. The defendant has failed to establish the trial court's refusal to impose an alternative sentence was erroneous.

On December 3, 1994, the defendant and Sanford C. Jackson (Jackson), a co-defendant, went to the home of Susan and Leo Delatory. When they arrived, both Jackson and the defendant were highly intoxicated as a result of consuming alcoholic beverages. The Delatorys left with Jackson and the defendant in the defendant's vehicle. The defendant was driving. They stopped at a convenience store to purchase beer. Leo Delatory asked the defendant if he could drive since he and Jackson were both intoxicated.

Jackson was driving the defendant's vehicle when they left the convenience store. Both the defendant and Jackson were "playing" with the steering wheel in an attempt to scare Susan Delatory. During the course of their "playing" with the wheel, both Jackson and the defendant grabbed the steering wheel simultaneously. As a result, the vehicle veered left, hit a ditch, flew into the air, and landed in another ditch. The impact killed Susan Delatory. Leo Delatory suffered serious injuries to his hands and face. These injuries caused Leo Delatory to lose his position of employment. Jackson had a blood alcohol content of .15% and the defendant had a blood alcohol content of .18%.

2

The defendant did not present any evidence at the sentencing hearing when the trial court was asked to impose an alternative sentence to incarceration. The defendant relied upon the presentence report, the community corrections report, and the presumption he was a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6).

The defendant was thirty years of age when he was sentenced. The defendant was divorced. He has one child. The defendant lives with his parents and his son. He has a high school education.

When the defendant challenges the manner of serving a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). In this case, the presumption of correctness does not apply. As previously stated, the defendant did not present testimony at the sentencing hearing. The trial court decided the question of alternative sentencing based upon the presentence report and the community corrections report. Thus, the trial court did not predicate his ruling upon the credibility of any witnesses. This court, like the trial court, can view the uncontroverted reports and determine the issue.

The defendant has the duty of convincing this court the failure of the trial court to impose alternative sentencing was clearly erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401(d); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991). In this case, the defendant has failed to establish the trial court abused its discretion or the court's ruling was clearly erroneous.

If an accused is convicted of a Class C, D, or E felony and is sentenced as either an especially mitigated offender or a standard offender, there is a presumption, rebuttable in nature, that the accused is a favorable candidate for alternative sentencing unless disqualified by some provision of the Tennessee Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-102(6).

The sentencing process must necessarily commence with a determination of whether the accused is entitled to the benefit of the presumption. Ashby, 823 S.W.2d at 169; State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993). As the supreme

3

court said in Ashby:  "If [the] determination is favorable to the defendant, the trial court must presume that he is subject to alternative sentencing.  If the court is presented with evidence sufficient to overcome the presumption, then it may sentence the defendant to confinement according to the statutory provision[s]."  823 S.W.2d at 169.  The presumption can be successfully rebutted by facts contained in the presentence report, evidence presented by the state, the testimony of the accused or a defense witness, or any other source provided it is made a part of the record.  Bonestel, 871 S.W.2d at 167.

This court is of the opinion the record in this case rebuts the presumption of alternative sentencing.  The defendant was convicted of selling marijuana, a felony, on May 22, 1992, and was sentenced to pay a fine of $1,000 and serve one year in confinement.  He has also been convicted of public drunkenness.  He admitted smoking marijuana twice a week for an extended period of time, and he continued smoking marijuana after the commission of the offenses in question.  This constitutes criminal behavior on his part.

He admitted he has continued to consume alcoholic beverages on a weekly basis after the commission of the offenses in question.  He stated he had a problem with alcohol from 1990 to 1995, yet he continues to consume alcohol.  He admits he has a "problem" with marijuana although he has never sought help for this addiction.

The trial court found that confinement was required to avoid depreciating the serious nature of these offenses.  Tenn. Code Ann. § 40-35-103(1)(B).  The court further found confinement was necessary to deter other citizens who might have the proclivity to commit these offenses. Tenn. Code Ann. § 40-35-103(1)(B).  Given the defendant's prior history of criminal convictions and criminal behavior, his flaunting of the laws of this State between the commission of these crimes and the sentencing proceedings, and his failure to seek assistance for his addiction to alcohol and drugs, there is a serious question of whether the defendant can be rehabilitated.  Tenn. Code Ann. § 40-35-103(5).

_____
JOE B. JONES, PRESIDING JUDGE

4

CONCUR:

_____
    PAUL G. SUMMERS, JUDGE


_____
    DAVID G. HAYES, JUDGE